## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| I PEE HOLDING, LLC, | Civil Action No.: 2:18-cv-674 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| VIRGINIA TOY AND NOVELTY COMPANY, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff I Pee Holding, LLC ("IPH" or "Plaintiff") brings this action against defendant Virginia Toy and Novelty Company ("Virginia Toy" or "Defendant") for patent infringement.

### PARTIES

1.      Plaintiff IPH is an Illinois corporation with a principal place of business in Vernon Hills, Illinois.

2.      Upon information and belief, defendant Virginia Toy is a Virginia corporation with a principal place of business at 5823 Ward Court, Virginia Beach, VA 23455.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

4.      Virginia Toy is subject to personal jurisdiction in this District based on its systematic and continuous contacts with the Eastern District of Virginia and because Virginia Toy resides in this District.  Virginia Toy regularly transacts business in this District and has offered for sale and sold the infringing products that are the subject of this action in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1400, because Defendant resides in this District, has committed acts of infringement in this District, and has a regular and established place of business in this District.

## BACKGROUND

6.      This is an action for injunctive relief and damages arising from Virginia Toy's infringement of Plaintiff's patent under 35 U.S.C. § 271.

### History of the Parties and Relevant Patent

7.      IPH is the owner of U.S. Patent No. 10,064,461, titled "Light String with Lighting Elements Surrounded by Decorative Shroud and Retained by Snap-fit Enclosure System" ("the '461 patent"), which issued on September 4, 2018.  A true and correct copy of the '461 patent is attached as **Exhibit A**.

8.      The '461 patent concerns a substantial improvement in the design and manufacture of light string novelty products.  The innovative snap-fit enclosure system disclosed and claimed in the '461 patent substantially reduces material costs and assembly time for light string products, resulting in increased margins and/or more competitive pricing, making it a desirable improvement over the prior art.

9.      Plaintiff's licensees have been manufacturing and selling light string necklaces with snap-fit enclosures under the '461 patent to major retailers and directly to customers during the pendency of the application for the '461 patent.  Immediately following Plaintiff's licensees' launch of such products, other manufacturers, wholesalers, and retailers began copying Plaintiff's patented product.

10.     Upon issuance of the '461 patent on September 4, 2018, Plaintiff's licensees began marking their associated product listings with the '461 patent number.

11.     Upon information and belief, Virginia Toy was incorporated in Virginia in 2002, and currently has approximately six employees.  Upon further information and belief, Virginia Toy is involved in the wholesale distribution of toys, festive apparel, glow in the dark and LED products, and other related goods.  Virginia Toy's product offerings include light string novelty products within the scope of the '461 patent, which postdate the priority date of the '461 patent.

**Virginia Toy is Infringing the '461 Patent**

12.     Virginia Toy is manufacturing, offering for sale, selling, using, and importing light string necklaces with snap-fit enclosures (the "Virginia Toy Light String Products") that fall within the scope of at least independent claims 1 and 8 of the '461 patent, including at least the following infringing Virginia Toy Light String Products:

21CB2MR;

21SFB1WR;

21BU2BG;

21SKB2W;

21PU2O;

21BU2BO.

13.     Upon information and belief, Virginia Toy is selling its Virginia Toy Light String Products at least on its own website and through third-party marketplaces like Amazon.com.

14.     Plaintiff has not licensed or otherwise authorized Virginia Toy to manufacture or sell such Virginia Toy Light String Products.

**Plaintiff Seeks to Enforce the '461 Patent against Virginia Toy**

15.     On November 30, 2018, Plaintiff, through its counsel, sent Virginia Toy a cease and desist letter, notifying Defendant that its manufacture, importation, use, and sale of the

Virginia Toy Light String Products infringes the '461 patent (the "November 30 Letter").  A true and correct copy of the November 30 Letter is attached hereto as **Exhibit B**.

16.     The November 30 Letter was directed to Virginia Toy's President and Registered Agent Jim Weigl, and requested a response by December 7, 2018.  The November 30 Letter warned Defendant that its ongoing infringement may be considered willful and advised Defendant that IPH would take all lawful steps it deemed necessary to protect its intellectual property.  Defendant never responded to the November 30 Letter.

## CAUSE OF ACTION

17.     Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

18.     The '461 patent was duly and legally issued on September 4, 2018 to IPH and is in full force and effect and has been since the date of issuance.  IPH is the current title owner of the '461 patent and thus has the right to enforce same.

19.     Virginia Toy manufactures, imports, uses, offers to sell, and sells Virginia Toy Light String Products that infringe the '461 patent, including at least those products specifically identified above.

20.     Virginia Toy manufactures, imports, uses, offers to sell, and sells its Virginia Toy Light String Products with actual knowledge of the '461 patent, which constitutes willful infringement of the '461 patent.

21.     A representative claim of the '461 patent and accompanying pictures showing how the Virginia Toy Light String Products infringe the '461 patent is provided below using one of the infringing products, 21PU2O, by way of non-limiting example.

22.     Independent claim 1 of the '461 patent reads as follows:

1. A light string with a snap-fit enclosure, comprising:

a conductor;

a light element mounted to the conductor;

a shroud having a body having an open interior and a neck, the neck having an opening therein, open to the body interior;

a cap, the [*sic*] configured to fit onto the neck; and

cooperating locking elements positioned in the cap and on the neck to lock the cap to the neck, such that the cap is secured to the neck and the light element secured within the shroud without the need for an external fastener,

wherein the cap and the neck have at least two cut-outs formed therein, respective ones of the cap cut-outs and the neck cut-outs cooperating and aligning with one another to define a substantially straight-through path, the substantially straight-through path configured to receive the conductor with the cap secured to the neck,

wherein the conductor and light element are non-integral with and separate, apart and removable from the shroud and the cap, and

wherein the shroud is substantially enclosed.

23.     As seen in the picture below, the Virginia Toy Light String Product comprises a

snap-fit enclosure.



Snap-fit
Enclosure

24.     The Virginia Toy Light String Product comprises a conductor and a light element mounted to the conductor.  The conductor and light element are non-integral with and separate, apart, and removable from the shroud and the cap.



25.     The Virginia Toy Light String Product comprises a substantially enclosed shroud having a body with an open interior and a neck with an opening to the body's interior.



26.    As seen in the first picture, in the Virginia Toy Light String Product, the cap is configured to fit onto the neck.  Furthermore, said cap contains locking elements that cooperate with locking elements on the neck of the shroud.



27.    The light element is secured within the shroud without the need of an external fastener.  Both cap and neck have at least two cut-outs, which cooperate and align with one another to define a substantially straight-through path configured to receive the conductor with the cap secured to the neck.  The Virginia Toy Light String Products further comprise a controller.



28.     Defendant's acts of infringement have been carried out deliberately and willfully and without consent of Plaintiff.

29.     Plaintiff's licensees have marked the patented products in accordance with the requirements of 35 U.S.C. § 287.  Furthermore, Plaintiff provided Defendant with actual notice of its infringement at least as of the November 30 Letter.

30.     In light of the above facts and allegations, Defendant is infringing and has infringed the '461 patent in violation of 35 U.S.C. § 271, by making, using, offering to sell, and selling in the United States and importing into the United States the infringing Virginia Toy Light String Products.

31.     Defendant further infringes the '461 patent by actively inducing direct infringement of the '461 patent by third parties.

32.     Plaintiff has been damaged as a result of Defendant's acts of patent infringement and is entitled to recover from Defendant damages in an amount to be determined at trial, but no less than a reasonable royalty.

33.     Plaintiff will suffer imminent and irreparable injury unless this Court enjoins Defendant from further acts of infringement.

34.     This is an exceptional case entitling Plaintiff to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enter judgment in favor of Plaintiff and against Defendant;

B.      Declare that Defendant has been and is infringing, directly and indirectly, the '461 patent;

C.      Preliminary and permanently enjoin Defendant and its respective officers, agents, and employees and all others in concert or participation with Defendant from further acts of infringement of the '461 patent under 35 U.S.C. § 283;

D.      Order Defendant to file with this Court and serve on Plaintiff within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

E.      Award damages adequate to compensate Plaintiff for Defendant's infringement of the '461 patent, together with interest and costs under 35 U.S.C. § 284;

F.      Award treble damages by reason of Defendant's acts of deliberate and willful infringement of the '461 patent under 35 U.S.C. § 284;

G.      Declare this litigation to be an "exceptional case" and order Defendant to pay Plaintiff's reasonable attorneys' fees in connection with this action as provided in 35 U.S.C. § 285; and

H.      Award Plaintiff such other and further relief as this Court deems just and proper.

Dated: December 18, 2018                            Respectfully submitted,


                                                    s/ Whit D. Pierce
                                                    Whit D. Pierce
                                                    Virginia Bar No. 82520
                                                    Fox Rothschild LLP
                                                    300 N. Greene Street, Suite 1400
                                                    Greensboro, North Carolina 27401
                                                    Telephone:  (336) 378-5200
                                                    Fax:  (336) 378-5400
                                                    wpierce@foxrothschild.com


                                                    *Attorneys for Plaintiff,*
                                                    *I Pee Holding, LLC*

**OF COUNSEL:**

Christopher R. Kinkade
Cali R. Spota
**FOX ROTHSCHILD LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469

*Attorneys for Plaintiff,*
*I Pee Holding, LLC*