**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| I PEE HOLDING, LLC, | Civil Action No.: 18-01564-AJT-TCB |
| Plaintiff, | |
| v. | |
| VIRGINIA TOY AND NOVELTY COMPANY, | |
| Defendant. | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT'S FIRST AMENDED COUNTERCLAIMS**

Plaintiff I PEE Holding, LLC ("IPH" or "Plaintiff"), by and through its undersigned counsel, answers the First Amended Counterclaims (the "Amended Counterclaims") (ECF No. 28) of Defendant Virginia Toy and Novelty Company ("VTC" or "Defendant") as follows:

**GENERAL DENIAL**

Pursuant to Fed. R. Civ. P. 8(b)(3), IPH denies all allegations in Defendant's Amended Counterclaims except those specifically admitted below.

**IPH'S RESPONSE TO VTC'S ALLEGATIONS CONCERNING THE PARTIES**

1. Upon information and belief, IPH admits that VTC is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 5823 Ward Court, Virginia Beach, VA 23455.

2. Admitted.

## IPH'S RESPONSE TO VTC'S ALLEGATIONS CONCERNING JURISDICTION AND VENUE

3. Paragraph 3 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, IPH does not contest subject matter jurisdiction in this Court. IPH denies any remaining allegations of Paragraph 3.

4. IPH admits that Defendant's Amended Counterclaims purport to be for declaratory judgment, but denies that the accused products do not infringe any valid and enforceable claim of U.S. Patent No. 10,064,461 ("the '461 Patent"). The remaining allegations of Paragraph 4 state a legal conclusion to which no response is required.

5. IPH admits that Defendant's Amended Counterclaims purport to be for declaratory judgment, but denies that VTC should be free to make, use, import, sell, and offer for sale the accused products. The remaining allegations of Paragraph 5 state a legal conclusion to which no response is required.

6. IPH admits that it owns the '461 Patent and that it has alleged VTC's importation, sales, and offers to sell light string necklaces with snap-fit enclosures (the "Virginia Toy Light String Products") are acts of infringement of the '461 Patent. IPH admits that Paragraph 6 of the Amended Counterclaims states, "VTC has denied that the accused products infringe any valid claim of the Asserted Patents." The remainder of Paragraph 6 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, IPH does not contest subject matter jurisdiction in this Court.

7. Paragraph 7 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, IPH does not contest personal jurisdiction in this Court for purposes of this action only.

8. Paragraph 8 of the Amended Counterclaims contains conclusions of law to which no response is required. To the extent a response is required, IPH does not contest venue in this Court for purposes of this action only.

### IPH'S RESPONSE TO VTC'S COUNT I: NON-INFRINGEMENT OF THE '461 PATENT

9. IPH reasserts its responses to Paragraphs 1 through 8 and incorporates them by reference herein.

10. IPH denies the allegations of Paragraph 10. By way of further response, IPH denies that the accused products do not infringe the '461 Patent, including but not limited to because the Virginia Toy Light String Products embody each and every limitation of at least Claims 1 and 8 of the '461 Patent.

11. IPH denies the allegations of Paragraph 11.

12. IPH denies the allegations of Paragraph 12.

13. IPH denies the allegations of Paragraph 13.

14. IPH denies the allegations of Paragraph 14.

### IPH'S RESPONSE TO VTC'S COUNT II: INVALIDITY OF THE '461 PATENT

15. IPH reasserts its responses to Paragraphs 1 through 14 and incorporates them by reference herein.

16. IPH denies the allegations of Paragraph 16.

**IPH's Response to VTC's Allegations Concerning Alleged Invalidity for Violation of 35 U.S.C. § 112, Second Paragraph**

17. IPH admits that Claim 1 of the '461 Patent recites, *inter alia,* "wherein the conductor and light element are non-integral with and separate, apart and removable from the shroud and the cap…." IPH denies the remaining allegations of Paragraph 17 and denies the merits

of Defendant's allegations of invalidity of the '461 Patent for violation of 35 U.S.C. § 112, Second Paragraph.

18. IPH denies the allegations of Paragraph 18.

19. Paragraph 19 contains legal conclusions and allegations to which no answer is required. IPH denies the merits of Defendant's allegations of invalidity of the '461 Patent for violation of 35 U.S.C. § 112, Second Paragraph.

20. IPH denies the allegations of Paragraph 20.

21. IPH denies the allegations of Paragraph 21.

**IPH's Response to VTC's Allegations Concerning Alleged Invalidity under 35 U.S.C. §§ 102 and 103**

22. IPH admits that the face of U.S. Patent No. 8,083,381 ("the '381 Patent") states that it issued on December 27, 2011. IPH further admits that a document purporting to be a copy of the '381 Patent is attached to the Amended Counterclaims as Exhibit A. The remainder of Paragraph 22 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

23. IPH admits that the face of U.S. Patent No. 7,036,962 ("the '962 Patent") states that it issued on May 2, 2006. IPH further admits that a document purporting to be a copy of the '962 Patent is attached to the Amended Counterclaims as Exhibit B. The remainder of Paragraph 23 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

24. IPH admits that the face of U.S. Patent Application Publication No. 2009/0161372 ("the '372 Publication") states that it was published on June 25, 2009. IPH further admits that a document purporting to be a copy of the '372 Publication is attached to the Amended

Counterclaims as Exhibit C. The remainder of Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

25. IPH admits that the face of U.S. Patent No. 2005/0117339 ("the '339 Publication") states that it was published on June 2, 2005. IPH further admits that a document purporting to be a copy of the '339 Publication is attached to the Amended Counterclaims as Exhibit D. The remainder of Paragraph 25 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

26. IPH admits that the face of U.S. Patent No. 7,178,930 ("the '930 Patent") states that it issued on February 20, 2007. IPH further admits that a document purporting to be a copy of the '930 Patent is attached to the Amended Counterclaims as Exhibit E. The remainder of Paragraph 26 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

27. IPH admits that the face of International Patent Application Publication No. WO98/43014 ("the '014 Publication") states that it was published on October 1, 1998. IPH further admits that a document purporting to be a copy of the '014 Publication is attached to the Amended Counterclaims as Exhibit F. The remainder of Paragraph 24 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

  A. **IPH's Response to VTC's Allegations Concerning Alleged Invalidity of Claims 1-4 and 6**

28. IPH admits that images purporting to be Figures 3, 4, and 6 of the '381 Patent are reproduced in Paragraph 28. IPH denies the remainder of the allegations in Paragraph 28.

29. IPH denies the allegations of Paragraph 29.

30. IPH denies the allegations of Paragraph 30.

31. IPH denies the allegations of Paragraph 31.

5

32. IPH denies the allegations of Paragraph 32.

33. IPH denies the allegations of Paragraph 33. By way of further answer, IPH states that the alleged admissions in Paragraphs 22-25 of its April 12, 2019 Answer and Affirmative Defenses (ECF No. 24, pp. 4-5, ¶¶ 22-25) were clearly made in error given that the language quoted in paragraphs 22-25 of VTC's March 22, 2019 Answer and Counterclaims (ECF No. 19, pp 11-13, ¶¶ 22-25) does not actually appear in the '381 Patent, and VTC never makes any such allegation.

34. IPH denies the allegations of Paragraph 34.

35. IPH denies the allegations of Paragraph 35.

36. IPH admits that claim 2 of the '461 Patent recites that "the light element is an LED." The remainder of Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

37. IPH admits that the '381 Patent, Col. 2, lines 31-34 and claims 1-20 contain the quoted language attributed to each citation. To the extent Paragraph 37 contains any additional factual allegations, those allegations are denied.

38. IPH admits that the '381 Patent discloses "[a] holiday light with LED." To the extent Paragraph 38 contains any additional factual allegations, those allegations are denied.

39. IPH denies the allegations of Paragraph 39.

40. IPH admits that claim 3 of the '461 Patent recites that "the cooperating locking elements include a ramped surface and a lip on one of both of the cap and the neck." The remainder of 40 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

41. IPH denies the allegations of Paragraph 41.

42. IPH denies the allegations of Paragraph 42.

43. IPH denies the allegations of Paragraph 43.

44. IPH admits that claim 4 of the '461 Patent recites that "the neck includes four cuts-outs to define four sections, and wherein at least two of the sections include a ramped surface and a lip and wherein the cap includes corresponding ramped surfaces and lips to cooperate with and engage the ramped surfaces and lips of the neck." The remainder of 44 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

45. IPH denies the allegations of Paragraph 45.

46. IPH denies the allegations of Paragraph 46.

47. IPH admits that claim 6 of the '461 Patent recites "at least three light elements mounted to the conductor spaced from one another, each light element enclosed within a shroud and secured therein by a cap." The remainder of 47 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

48. IPH denies the allegations of Paragraph 48.

49. IPH denies the allegations of Paragraph 48.

**B.** **IPH's Response to VTC's Allegations Concerning Alleged Invalidity of Claims 5 and 7**

50. IPH admits that claim 5 of the '461 Patent recites "a controller, the controller including one or more batteries and a switch." The remainder of Paragraph 50 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

51. IPH admits that Col. 3, lines 30-41 of the '381 Patent contains the quoted language. To the extent Paragraph 51 contains any additional factual allegations, those allegations are denied.

52. IPH denies the allegations of Paragraph 52.

7

53. Paragraph 53 states a legal conclusion to which no answer is required. By way of further response, the cited case speaks for itself.

54. IPH denies the allegations of Paragraph 54.

55. IPH denies the allegations of Paragraph 55.

56. IPH denies the allegations of Paragraph 56.

57. IPH denies the allegations of Paragraph 57.

58. IPH denies the allegations of Paragraph 58.

59. IPH states that the '339 Publication speaks for itself. To the extent the allegations in Paragraph 59 reflect VTC's characterizations of the disclosure of the '339 Publication, IPH denies those allegations.

60. IPH admits that ¶[0045] of the '339 Publication contains the quoted language. IPH denies the remainder of the allegations in Paragraph 60.

61. IPH states that the '339 Publication speaks for itself. To the extent the allegations in Paragraph 61 reflect VTC's characterizations of the disclosure of the '339 Publication, IPH denies those allegations.

62. IPH states that the '339 Publication speaks for itself. To the extent the allegations in Paragraph 62 reflect VTC's characterizations of the disclosure of the '339 Publication, IPH denies those allegations.

63. Paragraph 63 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

64. Paragraph 64 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

65.     IPH is unable to ascertain the meaning of Paragraph 65 because there is no "'014 Patent" identified in VTC's Amended Counterclaims. The allegations of Paragraph 65 are therefore denied.

66.     IPH is unable to ascertain the meaning of Paragraph 66 because there is no "'014 Patent" identified in VTC's Amended Counterclaims. The allegations of Paragraph 65 are therefore denied.

67.     IPH states that the '339 Publication speaks for itself. To the extent the allegations in Paragraph 67 reflect VTC's characterizations of the disclosure of the '339 Publication, IPH denies those allegations.

68.     IPH denies the allegations of Paragraph 68.

69.     IPH lacks knowledge or information sufficient to truthfully admit or deny the allegations of Paragraph 69, and on that basis denies them.

70.     IPH admits that the '461 patent contains the quoted language. IPH denies the remainder of the allegations in Paragraph 70.

71.     Paragraph 71 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

72.     Paragraph 72 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

73.     Paragraph 73 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

74.     IPH admits that Col. 5, lines 19-23 of the '962 Patent contains the quoted language. IPH denies the remainder of the allegations in Paragraph 74.

75. IPH admits that Col. 8, lines 25-35 of the '962 Patent contains the quoted language. IPH denies the remainder of the allegations in Paragraph 75.

76. IPH admits that Col. 5, lines 43-57 of the '930 Patent contains the quoted language. IPH denies the remainder of the allegations in Paragraph 76.

77. IPH states that the '962 Patent speaks for itself. To the extent the allegations in Paragraph 77 reflect VTC's characterizations of the disclosure of the '962 Patent, IPH denies those allegations.

78. IPH states that the '930 Patent speaks for itself. To the extent the allegations in Paragraph 78 reflect VTC's characterizations of the disclosure of the '930 Patent, IPH denies those allegations.

79. IPH states that the '962 Patent speaks for itself. To the extent the allegations in Paragraph 79 reflect VTC's characterizations of the disclosure of the '962 Patent, IPH denies those allegations.

80. IPH states that the '930 Patent speaks for itself. To the extent the allegations in Paragraph 80 reflect VTC's characterizations of the disclosure of the '930 Patent, IPH denies those allegations.

81. IPH denies the allegations of Paragraph 81.

82. IPH admits that claim 7 of the '461 Patent recites "a controller, the controller including one or more batteries and a switch, the controller including circuitry to control a lighting scheme of the light elements." The remainder of 82 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

83. IPH denies the allegations of Paragraph 83.

C. **IPH's Response to VTC's Allegations Concerning Alleged Invalidity of Claim 8**

84. IPH denies the allegations of Paragraph 84.

85. IPH denies the allegations of Paragraph 85.

86. IPH denies the allegations of Paragraph 86.

87. IPH denies the allegations of Paragraph 87.

88. IPH denies the allegations of Paragraph 88.

89. IPH admits that ¶[0034] of the '372 Publication contains the quoted language. IPH denies the remainder of the allegations in Paragraph 89.

90. IPH denies the allegations of Paragraph 90.

91. IPH denies the allegations of Paragraph 91.

92. IPH states that the '372 Publication speaks for itself. To the extent the allegations in Paragraph 92 reflect VTC's characterizations of the disclosure of the '372 Publication, IPH denies those allegations.

93. Paragraph 93 contains legal conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

94. IPH states that the '372 Publication speaks for itself. To the extent the allegations in Paragraph 94 reflect VTC's characterizations of the disclosure of the '372 Publication, IPH denies those allegations.

95. IPH states that the '461 Patent speaks for itself. To the extent the allegations in Paragraph 95 reflect VTC's characterizations of the disclosure of the '461 Patent, IPH denies those allegations.

96. IPH states that the '372 Publication and the '461 Patent each speaks for itself. To the extent the allegations in Paragraph 95 reflect VTC's characterizations of the disclosures of the '461 Patent and the '372 Publication, IPH denies those allegations.

97. IPH states that the '962 Patent speaks for itself. To the extent the allegations in Paragraph 97 reflect VTC's characterizations of the disclosure of the '962 Patent, IPH denies those allegations.

98. IPH denies the allegations of Paragraph 98.

99. IPH denies the allegations of Paragraph 99.

### IPH'S RESPONSE TO VTC'S PRAYER FOR RELIEF

IPH denies that VTC is entitled to judgment or any of the relief requested by the Amended Counterclaims, including that requested in Paragraphs A through J of the Amended Counterclaims.

### AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE ONE – INFRINGEMENT OF THE '461 PATENT

1. VTC is infringing and has infringed the '461 Patent in violation of 35 U.S.C. § 271 by making, using, offering to sell, and selling in the United States, and importing into the United States, the infringing Virginia Toy Light String Products. Defendant further infringes the '461 Patent by actively inducing direct infringement of the '461 Patent by third parties.

### AFFIRMATIVE DEFENSE TWO – VALIDITY OF THE '461 PATENT

2. The asserted claims of the '461 Patent are not invalid. The asserted prior art does not disclose, teach, suggest, or render obvious one or more of the claims of the '461 Patent. Nor is the '461 Patent invalid under 35 U.S.C. § 112.

## **PRAYER FOR RELIEF**

WHEREFORE, IPH respectfully requests that this Court:

1. Dismiss VTC's Amended Counterclaims with prejudice;

2. Adjudge that VTC has infringed and is infringing the asserted claims of the '461 Patent;

3. Adjudge that the asserted claims of the '461 Patent are not invalid;

4. Declare this to be an exceptional case under 35 U.S.C. § 285;

5. Award IPH its attorneys' fees and costs incurred in this action, together with pre-judgment and post-judgment interest; and

6. Grant IPH such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

IPH hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 17, 2019

Respectfully submitted,

 /s/ *Brittney R. Powell*
Brittney R. Powell
Virginia Bar No. 87805
Austen C. Endersby (*pro hac vice*)
D.C. Bar No. 230747
FOX ROTHSCHILD LLP
1030 15th Street, N.W.
Suite 380 East
Washington, D.C. 20005
Telephone: (202) 461-3000
Facsimile: (202) 461-3102
bpowell@foxrothschild.com
aendersby@foxrothschild.com

Christopher R. Kinkade (*pro hac vice*)
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469
ckinkade@foxrothschild.com

*Attorneys for Plaintiff, I Pee Holding, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2019, I caused a true and correct copy of Plaintiff's Answer and Affirmative Defenses to Defendant's First Amended Counterclaims to be served via Electronic Filing by using the CM/ECF system, which will send a notice to:

>Craig C. Reilly (VSB # 20942)
>111 Oronoco Street
>Alexandria, VA 22314
>Tel: (703) 549-5354
>Fax: (703) 549-5355
>Email: craig.reilly@ccreillylaw.com

>Joseph A. Farco (*pro hac vice*)
>LOCKE LORD LLP
>Brookfield Place
>200 Vesey Street, 20th Floor
>New York, NY 100281-2101
>Tel: (212) 415-8600
>Fax: (646) 808-3182
>Email: jfarco@lockelord.com

Dated: May 17, 2019                               Respectfully submitted,

>/s/ *Brittney R. Powell*
>Brittney R. Powell
>Virginia Bar No. 87805
>Fox Rothschild LLP
>1030 15th Street, N.W.
>Suite 380 East
>Washington, D.C. 20005
>Telephone: (202) 461-3000
>Fax: (202) 461-3102
>bpowell@foxrothschild.com

>*Attorney for Plaintiff, I Pee Holding, LLC*