UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| I PEE HOLDING, LLC,<br>      *Plaintiff*,<br><br>      v.<br><br>VIRGINIA TOY AND NOVELTY<br>   COMPANY,<br>      *Defendant*. | )<br>)<br>)<br>)<br>)   No. 1:18-cv-01564-AJT-TCB<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STAY DISCOVERY**

The Court should stay discovery. This is a patent infringement case, but the patent is invalid as is shown on the face of the pleadings. Prior art references attached to the amended answer and counterclaims unmistakably establish that the patent claims are invalid as anticipated or obvious. Because invalidity is plain on the face of the pleadings, Defendant has filed a motion for judgment on the pleadings (Doc. 30), which will be heard June 14 (Doc. 33). No discovery is needed to adjudicate that motion, and the Court should preclude expensive discovery on any other issues as unnecessary. Accordingly, under Rule 26(c), the Court should enter a protective order staying discovery, allowing the parties and the Court to focus on the dispositive motion for judgment on the pleadings.

**STATEMENT OF THE CASE**

By complaint filed December 18, 2018, Plaintiff ("IPH") commenced this patent infringement action (Doc. 1). IPH sues as the owner of U.S. Patent No. 10,064,461, titled "Light String with Lighting Elements Surrounded by Decorative Shroud and Retained by Snap-fit Enclosure System" ("the '461 patent"), which issued on September 4, 2018 (Doc. 1, *Complaint*, ¶ 7 & Exhibit A). The claimed invention is a simple light string with detachable, "snap-fit,"

translucent novelty covers (*e.g.*, orange Halloween Pumpkins). Defendant ("VTC") is accused of selling infringing novelty light strings. After VTC filed its answer, the Court entered an initial order on March 25, 2019, commencing discovery and setting August 9, as the discovery cut-off (Doc. 20). Thereupon, the parties negotiated and filed a joint discovery plan (Doc. 23), and that plan was approved by the Court in its Rule 16(b) order (Doc. 25). The parties commenced discovery—serving initial disclosures (April 16), IPH's preliminary infringement contentions (April 26), and VTC's preliminary invalidity contentions (April 26). IPH also served interrogatories and document requests, to which VTC timely objected.

After reviewing the preliminary contentions, VTC filed an amended answer and counterclaims on May 3, attaching six pertinent prior art references (Doc. 28). On May 17, IPH answered the counterclaims (Doc. 29). The essential facts undergirding the non-infringement and invalidity counterclaims are either admitted, undisputed, or irrefutable as a matter of law. Thus, VTC filed a motion for judgment on the pleadings on May 23 (Doc. 30). Accordingly, the case is ripe for disposition on the pleadings under Rule 12(c), and discovery should be stayed.

## ARGUMENT

Under Rule 26, district courts "enjoy nearly unfettered discretion to control the timing and scope of discovery." *Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 426 (4th Cir. 1996). No discovery is needed to decide this case, and so discovery should be stayed.[1]

---

[1] Although this patent action would be appealed to the Federal Circuit, 28 U.S.C. § 1295(a)(1), that court has ruled that it will generally review procedural matters under regional circuit and local district law. *Panduit Corp. v. Allstates Plastic Mfg. Co., Inc.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984). This includes procedural matters like the conduct of discovery and pretrial scheduling issues. *See Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022 & n.4 (Fed. Cir. 1986) (discovery is governed by regional circuit law); *Slip Track Sys., Inc. v. Brady*, 304 F.3d 1256, 1262, 1269-70 (Fed. Cir. 2002) (modifying pretrial schedule under Rule 16(b) is governed by regional circuit law). Thus, Fourth Circuit law governs the issues now presented.

Rule 12(c) provides that, "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." FED.R.CIV.P. 12(c). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citing *Butler v. United States*, 702 F.3d 749, 752 (4th Cir. 2012)). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014) (citations omitted). However, the Court is not required to "accept allegations that represent unwarranted inferences, unreasonable conclusions or arguments, or that contradict matters properly subject to judicial notice or by exhibit." *Id*. (internal quotation marks omitted) (citing *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). Self-evidently, no discovery is needed to adjudicate a motion for judgment on the pleadings.

For "good cause" shown, the Court may enter a protective order "forbidding … discovery." FED.R.CIV.P. 26(c)(1)(A). Where a threshold Rule 12(b)(6) motion has been filed that may be dispositive of most or all claims asserted, the district court may stay all merits discovery. *See Chaudhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999) (affirming denial of discovery while Rule 12(b)(6) motion was pending); *accord Cohn v. Bond*, 953 F.2d 145, 159 (4th Cir. 1991) (affirming district court's order precluding discovery that was "unnecessary" to ruling on dispositive motion); *Sandcrest Outpatient Serv. v. Cumberland Cty.*

*Hosp.*, 853 F.2d 1139, 1147 (4th Cir. 1988) (affirming "stay of discovery" while dispositive motion was pending). VTC seeks such a stay of discovery here.

As the Supreme Court noted, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Here, IPH is "armed with nothing more than conclusions" and formulaic pleading when answering VTC's counterclaims. No discovery is needed to support or oppose VTC's motion for judgment on the pleadings. Thus, good cause to stay discovery is shown.

## CONCLUSION

Accordingly, the Court should enter an order staying discovery pending the outcome of VTC's motion for judgment on the pleadings.

Dated: May 23, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Craig C. Reilly
　　　　　　　　　　　　　　　　　　　Craig C. Reilly (VSB # 20942)
　　　　　　　　　　　　　　　　　　　111 Oronoco Street
　　　　　　　　　　　　　　　　　　　Alexandria, Virginia 22314
　　　　　　　　　　　　　　　　　　　T: (703) 549-5354
　　　　　　　　　　　　　　　　　　　F: (703) 549-5355
　　　　　　　　　　　　　　　　　　　E: craig.reilly@ccreillylaw.com
　　　　　　　　　　　　　　　　　　　*Counsel for Defendant Virginia Toy*
　　　　　　　　　　　　　　　　　　　　　*and Novelty Company*

*Of Counsel for Defendant:*
Joseph A. Farco (*pro hac vice*)
LOCKE LORD LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, NY 100281-2101
T: (212) 415-8600
F: (646) 808-3182
E: jfarco@lockelord.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the <u>23rd</u> day of May 2019, a true and complete copy of the foregoing was filed through the Court's CM/ECF system, which has served a copy on all counsel of record.

                <u>/s/ Craig C. Reilly   </u>
                Craig C. Reilly (VSB # 20942)
                111 Oronoco Street
                Alexandria, Virginia 22314
                T: (703) 549-5354
                F: (703) 549-5355
                E: craig.reilly@ccreillylaw.com
                *Counsel for Defendant Virginia Toy*
                  *and Novelty Company*