UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| I PEE HOLDING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-1564 (AJT/TCB) |
| ) | |
| VIRGINIA TOY AND NOVELTY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on Plaintiff I Pee Holding, LLC's ("Plaintiff") Motion to Enforce Settlement (Dkt. 184). For the reasons articulated below, the undersigned U.S. Magistrate Judge recommends that the Court grant Plaintiff's motion to the extent that it enforces the settlement terms memorialized in the undersigned's notes from the settlement conference.

    I.    RELEVANT BACKGROUND AND PROPOSED FINDINGS OF FACT

**A.  The Parties**

Plaintiff filed this lawsuit against Defendant Virginia Toy and Novelty Company ("VTC") on December 18, 2018 (Dkt. 1). The complaint alleged that VTC's sales, offers for sale, and importation of light string products infringed certain claims of U.S. Patent No. 10,064,461, entitled "Light String with Lighting Elements Surrounded by Decorative Shroud and Retained by Snap-fit Enclosure System" ("the '461 Patent"). VTC answered the complaint and filed counterclaims against Plaintiff on March 22, 2019. (Dkt. 19.)

After engaging in discovery, Plaintiff filed a motion for leave to file its first amended complaint to add a newly discovered entity, Defendant Ace Gift & Craft (Ningbo) Co., Ltd.

1

("ACE"), as an additional defendant. (Dkt. 74.) The Court granted Plaintiff's motion on August 21, 2019 (Dkt. 107), and Plaintiff filed its amended complaint on August 22, 2019 (Dkt. 112). VTC and ACE answered Plaintiff's first amended complaint on September 11, 2019 and October 4, 2019, respectively. (Dkts. 150, 165.)

### B. The Settlement Conference

The undersigned held a settlement conference telephonically in this matter on February 14, 2020. Counsel of record and a principal with settlement authority represented each of the parties. The matter settled.

The undersigned kept detailed notes of the settlement terms. At the conclusion of the settlement conference, the undersigned read out loud the agreed-upon terms and conditions of settlement. Each of the party-representatives with settlement authority verbally assented to each material term as recorded in the undersigned's notes. The parties agreed that if they were unable to consummate a mutually agreeable settlement agreement, that (1) the undersigned "[would] resolve the dispute in her sole discretion"; (2) her notes would control; and (3) there would be "no right of appeal" from her decision.

### C. The Instant Motion

In the following two months, the parties were unable to consummate a mutually acceptable settlement agreement. On April 15, 2020, Plaintiff filed the instant motion "for the Court's approval of the material terms of settlement that both Plaintiff and Defendants reached in this matter." (Dkt. 184 at 1.) Plaintiff waived oral argument and attached the settlement terms, as recorded by its counsel, as a sealed exhibit (Exhibit A). (Dkts. 185-86.) Plaintiff moved the Court to (1) grant its motion; (2) "enforce the settlement terms reached at the Settlement Conference, as set forth in Exhibit A, or in the alternative, enforce the settlement terms

memorialized in Judge Buchanan's notes"; and (3) enter a final order dismissing the case. (Dkt. 184-2 at 6.) Defendants filed a timely Response on April 29, 2020 (Dkt. 187), and Plaintiff filed a Reply on May 5, 2020 (Dkt. 188).

After consideration of the parties' pleadings and the undersigned's own notes from the settlement conference, the undersigned issues this Report and Recommendation so that the Court can enter a final order enforcing the agreed-upon settlement terms and dismissing this matter.

II.     PROPOSED CONCLUSIONS OF LAW

A.     **Enforcement of Settlement**

A federal district court has jurisdiction to enforce a settlement agreement when it gave a "clear indication" that it would retain jurisdiction over such an action. *Mitchell v. Ocwen Loan Servicing, LLC*, No. 4:14cv169, 2016 WL 8730899, at *2 (E.D. Va. Feb. 16, 2016), *report and recommendation adopted*, 2016 WL 8737449 (E.D. Va. Mar. 18, 2016) (citation omitted). For a district court "to exercise its inherent power to enforce a settlement agreement," it must (1) "find that the parties reached a complete agreement"; and (2) "be able to determine its terms and conditions." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540-41 (4th Cir. 2002) (citation omitted). Further, the fact that a settlement agreement was not in writing does not render it unenforceable. *Id.* at 540 (citation omitted).

First, the undersigned gave a clear indication that the Court would retain jurisdiction if the parties could not consummate a mutually acceptable settlement agreement. The undersigned expressly included, as a settlement term, that "[i]n the event of a dispute as to these terms, [she] will resolve the dispute in her sole discretion." The party-representatives with settlement authority expressly agreed to this term at the settlement conference. The parties also "agree that the orally agreed upon terms may be reduced to writing by the Court and entered as a binding

final order enforcing the settlement." (Dkt. 187 at 3.) Accordingly, the undersigned finds that this Court has jurisdiction to enforce the parties' settlement.

Second, the undersigned finds that the parties approved a complete and enforceable agreement. The parties also agree with this finding. (*See* Dkt. 184-2 at 1 (Plaintiff: "The parties to this action reached an agreement *as to all material terms* of settlement at the Settlement Conference held on February 14, 2020 before Magistrate Judge Buchanan." (emphasis added)); Dkt. 187 at 3 (Defendants: "Here, the parties reached a *complete* agreement as stated by the terms recited by the Court at the conclusion of the settlement conference to which the parties orally agreed." (emphasis added)).) Moreover, because the undersigned kept detailed notes of the agreed settlement terms, the Court is readily able to determine the terms and conditions of settlement.

### B.   Sealing

One final matter remains. Plaintiff filed its proposed settlement terms under seal as an Exhibit and requested that the Court permanently seal it. (*See* Dkt. 184 at 1 ("Attached as Exhibit A to this Motion are the confidential, material terms of settlement reached during the Settlement Conference on February 14, 2020, which Plaintiff requests be sealed by the Court.").) Defendants argued that because Plaintiff filed the instant motion and the settlement terms are now part of the judicial record, they cannot be sealed. (*See* Dkt. 187 at 5-6 (discussing cases).) Defendants did "not contest, however, that the settlement amount may be sealed as confidential business information, so long as it may subsequently be disclosed as may be required by law." (*Id.* at 6.) Finally, in the Reply, Plaintiff stated that it "does not contest that when the Court enforces the settlement, the terms may be stated in the public record, except for the settlement amount, which should be sealed." (Dkt. 188 at 2 n.1.) Because the parties agree on this issue, the

4

undersigned will only address sealing the settlement amount.

A district court has "supervisory power over its own records and may, in its own discretion, seal documents if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2002) (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Further, the sealing of confidential business information may be appropriate when it has been maintained in confidence and has been "acquired or compiled by a corporation in the course and conduct of its business . . . to which the corporation has the exclusive right and benefit." *Carpenter v. United States*, 484 U.S. 19, 26 (1987).

Here, the undersigned finds that the settlement amount constitutes the parties' confidential business information, and public disclosure of the amount could compromise the parties' competitive interests. The undersigned therefore finds that the public's interest in access is outweighed by the parties' interests in preserving the confidentiality of the settlement amount. Accordingly, the undersigned recommends that the Court include the settlement terms in its final order but redact (or file under seal) the settlement amount contained in the first settlement term.[1]

### III.   RECOMMENDATION

Accordingly, the undersigned recommends that the Court issue an order (1) granting Plaintiff's motion to the extent that it enforces the settlement terms memorialized in the undersigned's notes from the settlement conference; (2) dismissing the action with prejudice as settled, with each side to bear its own costs and attorneys' fees; (3) entering the parties' settlement terms, attached as Exhibit A to this Report and Recommendation, with the settlement amount redacted (or filed under seal as an exhibit).

---

[1] In an abundance of caution, the undersigned did not include the settlement terms in this Report and Recommendation, but instead filed them under seal as Exhibit A.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk shall mail copies of this Report and Recommendation to all counsel of record.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May 8, 2020
Alexandria, Virginia